Billy R. EPPERSON et ux., Appellants,

v.

BRISCOE MANOR SEWER CONSTRUCTION DISTRICT, Appellee.

Thomas W. WILLIS et ux., Appellants,

v.

BRISCOE MANOR SEWER CONSTRUCTION DISTRICT, Appellee.

Court of Appeals of Kentucky.

Dec. 16, 1966.

As Modified on Denial of Rehearing Nov. 17, 1967.

Blakey Helm, H. E. Rose, Louisville, for appellants.

Edward T. Ewen, Jr., R. D. McAfee, Louisville, for appellee.

EDWARD P. HILL, Judge.

These two actions to condemn temporary and permanent easements for a sewer project over appellants' lots located on Saxon Boulevard in Louisville, Kentucky, were consolidated and tried together. The jury awarded appellants one dollar each, the exact amounts allowed them by the commissioners appointed by the county court. Being dissatisfied with the verdict, they prosecuted this appeal demanding reversal on two grounds: (1) The condemnation proceedings were initiated under the wrong statute, and (2) the amount of the verdict was insufficient.

Before discussing the two grounds argued by appellants, we should consider jurisdictional questions raised by appellee. It is contended by appellee that the evidence discloses the amount in controversy in the Epperson case to be only $641.14 and in the Willis case to be only $6.

■ It is not the evidence but the pleadings and the judgment that determine the amount "in controversy" so as to authorize an appeal. In these proceedings, the plead-

ings consist of the exceptions, answer, and amended answers filed by appellants; in which appellant Epperson claims a total of $4,200 and appellant Willis claims $700.

■■ Epperson has appealed as a matter of right, which we think he had a right to do. Appellant Willis proceeded by motion for appeal, which we heretofore sustained. We shall not disturb our previous order granting appeal as to Willis and proceed to discuss the merits in both cases.

Appellants' first argument is that appellee proceeded under the wrong statute.

The statute governing sewer construction districts, KRS 76.325, authorizes acquisition of property by condemnation but does not specify the procedure to be followed. The district chose to follow the procedure for oil or gas pipe lines set out in KRS 416.230. The appellants contend that KRS 58.140, which relates to condemnation for public projects generally, limits the procedure either to that specified for railroads in KRS 416.010 to 416.080 or to that specified for parks in KRS 416.120. Originally, the railroad method and the park method were the only statutory procedures for condemnation in Kentucky, and public agencies with the power of condemnation were authorized to follow one or the other procedure. See cross references under KRS 416.010 and 416.120. Since 1942 many new procedures have been prescribed by statute, for use by different classes of condemnors. In 1958 railroads were authorized by KRS 416.015 to use some of the new procedures set forth in KRS 416.230 to 416.310 (note that 416.230 is the one here in question).

■ We think that since railroad condemnation procedure was authorized by KRS 58.140, in 1946, to be used in condemning for public projects generally, and since the railroads were authorized in 1958, by KRS 416.015, to use alternative procedures, the authorization granted by KRS 58.140 reasonably should be considered to extend so as to embrace the alternative procedures. Accordingly, we think that the use in the instant case of the procedure specified in KRS 416.230 was proper.

■ Next, we consider the argument that the one dollar verdict in each case was inadequate. At the first crack of dawn in these cases, it would appear that if the temporary and permanent easements are worth anything, they are worth more than one dollar. But these two cases require a closer look in broad daylight. Property owners in all eminent domain cases are entitled to just compensation for the land taken. Sections 13 and 242 of the Constitution of Kentucky.

It is argued by appellants that the circuit court erred in following the ruling in Commonwealth, Department of Highways v. Sherrod, Ky., 367 S.W.2d 844 (1964), both in admitting evidence and in the instructions. The crux of appellants' whole argument is that these cases being sewer district condemnation proceedings in which the entire cost of the whole project is paid by the property owners along the sewer line, it would be unfair, unjust, and unconstitutional to charge them with the benefits or enhancement of their property by reason of the construction of the sewer system; that to do so amounts to requiring them to pay for the system through the statutory plan of assessment and then pay a second time by way of charging them for the enhancement of their property, an element in the after value.

We consider appellants' position to be sound. The obvious basis for the rule in Sherrod that any enhancement in value "growing out of the improvement" shall be considered in fixing the "after" value is that the condemnor is supplying the enhancement. Such is not the case where, as here, the entire cost of the improvement is paid by the property owners through special assessments. In this situation each landowner, in principle, is paying for so much of the improvement as benefits his property, so he is supplying the enhancement. Of course it may be in some instances that the enhancement exceeds in value the amount

 

of the special assessment, but even then it is the property owner's money that produces the value.

Upon another trial of this case the circuit court will exclude from consideration of the jury any enhancement of value attributable to the improvement project.

The judgments are reversed for proceedings in keeping with this opinion.